## HENDERSON vs. GRIFFIN.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The plaintiff demands the amount of a note of the defendant, and of an order which the latter gave him; there was judgment for the plaintiff on the plea of the general issue, and the defendant appealed.

Four documents appear to have been put on file in the district court, and copies of them come up in the record.

Payee of an order cannot recover from the drawer without shewing demand and notice.

The vendee of a *judgment debt* may resist payment, if the claim was only *in suit* at the time of sale.

1. The note sued on.

2. The order, which is for $179 the amount of an execution against Hanna.

3. Another order for $118 the amount of a judgment against Stephens.

4. The plaintiff's receipt for the last order, the amount of which he promises credit for, on the note.

All these documents appear to have been duly proven, and no objections made to the introduction of any of them.

Spann deposed that at the date of the second order, there was no such judgment as the one therein referred to, there was a suit depending, but no judgment was obtained, even at the time the witness was examined.

Hanna deposed that early in 1823, he requested the present plaintiff to settle for him the execution mentioned in the first order. He promised to do so; and shortly after said he had purchased the judgment from the present defendant and taken his order on the sheriff. A short time before March, 1823, the sheriff told the witness the present plaintiff had called for the amount of the execution, and it must be paid without delay. Five days after, the witness made a partial payment, which he saw credited on the execution, and shortly after gave the sheriff a quantity of cotton, sufficient to cover the balance.

Judgment was correctly given for the amount of the note, but we see nothing in the record that justifies any allowance of interest before the judicial demand, nor then at 8 1-2 per cent.

While no allegation was made of a demand of the amount of the first order on the sheriff, on which it was drawn, and no legal evidence was given of notice of non-payment to the defendant, it appears to us judgment was erroneously given for the amount of the order.

The testimony shews, that the plaintiff having undertaken to pay the execution against Hanna, informed the latter he had *purchased* the

East'n. District.
*Feb.* 1825.

HENDERSON
*vs.*
GRIFFIN.

judgment, and taken an order for its amount on the sheriff. From these circumstances it appears clear, the order was expected, by both parties to the sale, to be paid by the sheriff, after Hanna had satisfied the execution. Of the call of the present plaintiff on the sheriff, we have none but hearsay testimony. Hanna heard the sheriff say the plaintiff had called. This is no legal evidence of the demand. Very shortly after Hanna satisfied the sheriff. The plaintiff, without giving any notice of his call and want of success, so as to enable the defendant to draw the money from the sheriff's hands, remained inactive six months after the sheriff died—yet no notice was given, and the defendant never appears to have been informed of the plaintiff's expectation of payment from him, until eight months after the unsuccessful call, on his drawee, by the service of the petition, on which the present suit originated. We think the latches of the plaintiff have discharged the defendant. See *Hill* vs. *Martin*, 12 *Martin*, 177, where the distinction between negotiable paper, and that which is not, is fully gone into.

The plaintiff has permitted a receipt of his, to the defendant, for an order on the sheriff for

a judgment against Stephens, by which he has promised to credit the defendant's note for $118, the amount of the judgment, to be read.

His counsel contends that this receipt has evidently been truncated, that the space between the words which, in its present state, appear to be connected, was filled with the words *"when received."* So that the event on which the credit was to be given, had not arrived at the inception of the suit, nor when Spann testified, and for aught that appears, has not yet happened. Indeed the presence of the order in the files, and the death of the officer who was to receive the amount of the judgment, on an execution, to be issued on it, every thing shews, nothing has or could have been received.

The $118, for which a credit on the note is claimed, are the price of a judgment debt, sold by the defendant to the plaintiff. As vendor of a debt, he was bound to warrant the *existence* of it, though not the solvency of the debtor.

He was bound to warrant the existence of the debt, such as he sold it, and represented it to exist, viz: as a *judgment debt.* It is in evidence, that at the time of the sale, and long after, the claim was a simple contract only; and although it is shewn a suit had been brought on it, yet

nothing enables us to conclude it has yet ripened into a judgment.

The vendor may therefore resist the payment of the price by shewing that the thing sold is not what it was represented to be; that delay, trouble and expenses, must be submitted to before it acquires the character it was stated to have; before it be *res judicata*, not a claim susceptible of being controverted, before it be a debt of record, and consequently a mortgaged debt.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that there be judgment for the plaintiff for the amount of the note, one hundred and thirty-three dollars and thirty-eight cents, but it is ordered that execution shall not issue till the plaintiff shall deposit in the office of the clerk of the district court, for the use of the defendant, the order of the latter on Andrew Glass; directing him to pay the plaintiff the amount of a judgment of T. &. J. Griffin, against John Stephens, for one hundred and eighteen dollars or thereabouts, a copy of which is in the record of this case, under the letter C., and that the

HENDERSON
vs.
GRIFFIN.

plaintiff and appellee pay costs in this court, and the appellee in that of the district.

*Preston* for the plaintiff, *Waggaman* for the defendant.